TALBOTT, Administrator *de bonis non* of HENSLEY, deceased, *v.* DENNIS and Others.

Notes given to the husband for the purchase-money of the land of the wife, and secured by mortgage to him, become the property of the husband, and when he dies they pass to his administrator, though it was the intention of the wife that the proceeds of the land should be appropriated in a certain way for the benefit of herself and children.

In such case, an entry of satisfaction, by the administrator of the deceased husband, of the decree of the foreclosure of the mortgage, in consideration that the mortgagor would convey the land to the wife, is a fraudulent violation of the administrator's duty, and the mortgagor and his grantees are parties to it, and it is void as to those who have an interest in the due administration of the estate.

The administrator can complain of such fraud, and, by bill, have such entry of satisfaction set aside, and the non-joinder of the representatives of the former administrator is not a fatal objection on the hearing or in error to this Court.

ERROR to the *Shelby* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed by *Thomas Talbott*, administrator *de bonis non*, with the will annexed, of *Andrew Hensley*, deceased. The defendants are *Thomas Dennis, Isabel Hensley*, the widow, and *Thomas W. Hensley* and others, the heirs of said *Andrew Hensley*.

The cause was submitted to the Circuit Court on the bill, answers, exhibits, and a written agreement relative to the facts.

The Court dismissed the bill.

The facts are believed to be as follow:

*Isabel Hensley*, one of the defendants, previously to her

marriage with said *Andrew Hensley*, was the owner in fee of two tracts of land. After her said marriage, she and her husband sold and conveyed said lands to *Dennis*, one of the defendants. When this sale was made, it was the intention and wish of Mrs. *Hensley* that the purchase-money should be laid out for wild lands for her and said heirs. *Dennis*, at the time of the conveyance to him, gave his notes for the purchase-money, and, to secure their payment, executed to Mr. *Hensley* a mortgage in fee on said lands.

Mr. *Hensley* afterwards died, leaving a will by which one *James Sharp* was appointed executor.

*Sharp*, as such executor, filed a bill to foreclose the mortgage aforesaid, and obtained a decree. The decree was, that *Dennis* should pay *Sharp*, executor aforesaid, 663 dollars, being the amount of said mortgage-debt and interest; and that, in default of payment thereof within a specified time, the mortgaged lands should be sold, &c.

*Sharp* did not enforce this decree. On the contrary, in pursuance of an agreement of the parties, *Dennis* conveyed the mortgaged lands to said widow and heirs; and *Sharp*, in consideration of that conveyance, entered on the record a satisfaction of the decree.

*Sharp* has since died, leaving the estate of his testator unsettled.

The written agreement of the parties relative to the facts is as follows:

"It is agreed that the land in controversy, and which is alleged to have been conveyed by Mrs. *Hensley* and her husband to *Dennis* by deed, was originally purchased by *Isabel Hensley* with her own money before her marriage with said *Hensley*, as evidenced by the exhibits, W. and X., to her said answer; and that when the land was sold to *Dennis*, it was the intention and wish of the said *Isabel Hensley*, that the purchase-money of the said land so sold to said *Dennis*, when paid, should be laid out in the purchase of wild lands for her, said *Isabel*, and her said children who are defendants; and that the notes and mortgage of said *Dennis* to said *Andrew Hensley*, in the

bill named, were executed to secure the payment of the said purchase-money by said *Dennis*. It is further agreed that the exhibits are proved."

This case presents three questions.

The first is, was *Dennis's* conveyance of the mortgaged premises, and *Sharp's* entry of satisfaction of the decree, a fraud upon the persons interested in the due administration of Mr. *Hensley's* estate.

There can be no doubt on this question. The defendants say, that when Mrs. *Hensley* executed the deed to *Dennis*, it was her intention and wish that the price of the land should be appropriated in a certain way; but such mere intention and wish can have no bearing on this case. There was no agreement whatever made with Mrs. *Hensley* relative to such intention and wish; nor does it even appear, that she ever expressed such intention or wish to any person. We are bound, therefore, to look alone to the legal effect of the conveyance to *Dennis*, as shown on its face. By that conveyance, Mr. and Mrs. *Hensley's* whole legal and equitable title to the lands described in it became vested in *Dennis*. The notes given for the purchase-money, and the mortgage executed to secure their payment, were the property of Mr. *Hensley*, and when he died, that property passed to his executor, *Sharp*, as assets of the estate. Coote on Mort. 529.

When *Sharp* obtained the decree of foreclosure, he should have collected the amount, or as much of it as could be collected, and have accounted for the same to the Probate Court.

But, instead of enforcing the decree, *Sharp* caused the mortgaged premises to be conveyed to said widow and heirs, and entered a satisfaction of the decree. This was a fraudulent violation, by *Sharp*, of his duty as executor; and *Dennis* and his grantees were parties to the fraud. In a valuable text-book, the law relative to such a transaction is thus stated: " Where the person to whom the executor collusively passes the property (of the estate), knows that the executor is acting in violation of his trust, and in fraud of the persons interested in the due adminis-

tration of the assets, the fraud vitiates the transaction, and the attempt to transfer the property is ineffectual and void." 2 Williams on Ex'rs, 673.

We consider, therefore, *Dennis's* conveyance of the mortgaged lands, and *Sharp's* entry of satisfaction of the decree, to be void as to those persons who have an interest in the due administration of the estate.

The second question is, whether the complainant, as administrator *de bonis non* of Mr. *Hensley's* estate, can complain of the said fraud?

In order to determine that question, we must inquire who would have the control of the decree, should the entry of satisfaction of it be set aside? Such person would, of course, have a right to complain of the entry. There is a statutory provision which shows, that were the decree in force, the complainant would have the control of it. That provision is as follows: "Any subsequent administrator, or administrator with the will annexed, shall have execution upon any judgment that may have been recovered by any person who preceded him in the administration of the same estate, without reviving the same by *scire facias,* and without any other proceeding to give notice to the defendant in such judgment." R. S. 1843, p. 559.

It is very clear, therefore, that the complainant, as administrator *de bonis non,* was a proper person to file this bill.

The last question is, can the dismissal of the bill be sustained, on the ground that *Sharp's* representatives should have been made defendants?

The suit was not objected to on that ground, in the Circuit Court, by demurrer, or plea, or answer, or even at the hearing. Judge *Story* uses the following language on this subject: "The mere non-joinder of a party, who might be a proper party, but whose absence produces no prejudice to the rights of the parties before the Court, will constitute no fatal objection at the hearing or rehearing, or upon bill of review." Story's Eq. Plead. s. 74, a. That rule applies to this case. The absence of *Sharp's*

representatives could not prejudice the rights of the defendants before the Court; and it is, therefore, too late now to object that those representatives were not made parties.

The decree of the Circuit Court dismissing the bill must be reversed; and that Court must render a decree setting aside *Sharp's* entry of satisfaction of the decree in his favor, and setting aside, also, *Dennis's* conveyance to said widow and heirs of Mr. *Hensley.*

*Per Curiam.*—The decree is reversed at the costs of the defendants. Cause remanded, with instructions to the Circuit Court to render a decree for the complainant in conformity to this opinion. Costs here.

*A. A. Hammond* and *J. H. Bradley,* for the plaintiff.
*J. Morrison* and *S. Major,* for the defendants.

