McNees and wife vs. Thompson and his Committee.

CASE 79—REVIVOR OF JUDGMENTS—OCTOBER 7.

# McNees and wife vs. Thompson and his Committee.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. After a person has been found to be of unsound mind, so long as the unsoundness exists he should for most, if not all purposes, be regarded as civilly dead. Yet the provisions of the Civil Code prescribing the mode of reviving judgments have not specifically provided for such a case.

2. A judgment obtained against a person subsequently found to be of unsound mind may be revived by an action against the defendant and his committee.

3. Such a judgment cannot be satisfied by execution after the defendant is found to be of unsound mind.

W. W. TRIMBLE,                              For Appellants,

CITED—

Civil Code, secs. 431 to 437; 1 Lord Raymond, 245.

1 Salk., 319; 2 Lord Raymond, 768.

2 Tidd's Practice, 1021.

A. H. WARD,                                 For Appellees.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Sarah L. Thompson, now Mrs. McNees, whilst sole, recovered a judgment against Wm. Thompson for eight thousand six hundred dollars, and before execution issued thereon she intermarried with the appellant, W. T. McNees, and said defendant Thompson was, by regular proceedings, found to be of unsound mind, and appellee Kellar was appointed his committee, after which McNees and wife brought this suit in ordinary against

Thompson and Kellar, as his committee, to revive said judgment, or recover a judgment on said record, to which the court sustained a demurrer, and which the plaintiffs seek to reverse.

Whilst the unsoundness of mind exists, the person so found for most, if not all purposes, should be regarded as civilly dead. Yet chapter 4, Civil Code, containing sections 431 to 437, inclusive, and which provides for the revivor of judgment, has not specifically provided for this identical case.

Section 60, Civil Code, makes a defense to an action against a defendant of unsound mind by his committee, or by a guardian appointed for that purpose, essential to the recovery of a judgment.

And by section 62, if such a defendant be so found during the pendency of the action, the plaintiff may have the committee made a defendant upon ten days' notice.

By section 2, chapter 48, 1 Stanton's Revised Statutes, 33, it is provided, that "the several courts of chancery may, on application of a committee, order the sale of the whole, or any part of the real estate of an idiot or lunatic, when indispensably necessary for the payment of debts."

And by section 4: "No judgment or decree shall be binding on an idiot or lunatic having a committee, unless the committee be also brought before the court."

The plaintiffs in this case had a right to have their judgment satisfied. This could not be done by an execution against the debtor alone, because he was civilly dead, and no execution merely against him could be levied. The Civil Code does not provide for a revivor of such judgments against the committee by proceeding according to chapter 4 ; consequently, as this was a debt

of record, an ordinary action in the name of husband and wife against the defendant of unsound mind and his committee, was appropriate, not only for the plaintiffs' security in appropriating the personal assets, but that the committee might determine whether a sale of the real estate was essential.

It is true, that a suit in equity by the plaintiffs against the debtor and his committee, not only to revive the judgment or to recover the debt, but also for a sale of his property to pay it, would also have been an appropriate proceeding, yet this should not have dismissed the plaintiffs' action, even had it been the only proper mode of procedure, but merely a transfer to the proper docket on the appropriate motion.

The plaintiffs are entitled, if a debt be due them, to have it evidenced by a judgment against the debtor of unsound mind and his committee, and the common law court should either give a judgment thereon, else transfer it to the equity docket for proper proceedings in equity.

Wherefore, the judgment is reversed, with directions to overrule the demurrer, and for further proceedings consistent herewith.