## Fox v. Kerper, Guardian.

SUPREME COURT.—*Presumption in Absence of Evidence from the Record.*— Where there is a verdict for the plaintiff upon a sufficient complaint, and the evidence is not in the record, the Supreme Court will presume that the verdict is in accordance with the evidence and the law.

GUARDIAN AND WARD.—*Contract of Former Guardian.*—A guardian may follow his ward's money, and recover it from one who obtained it from a former guardian under a contract made by such former guardian in his individual capacity, and not as guardian.

From the Tippecanoe Civil Circuit Court.

*W. C. Wilson, J. H. Adams* and *R. Gregory,* for appellant.

*M. Jones* and *J. L. Miller,* for appellee.

Fox *v.* Kerper, Guardian.

BIDDLE, C. J.—Suit in attachment by John M. Kerper, guardian of William W. Adams, against the appellant, on a contract made with Elizabeth Adams, a former guardian of said William W. Adams, by which Fox obtained a sum of money belonging to said Ward in the hands of his said former guardian. The suit was commenced in the White Circuit Court, and the venue changed to the Tippecanoe Civil Circuit Court.

The complaint was demurred to, and the demurrer properly overruled. Answer, and issue joined; trial by jury, verdict and judgment for plaintiff; motion for new trial; motion for judgment on the special findings by the jury; motion in arrest of judgment; all overruled, and exceptions taken. The only sufficient causes assigned for a new trial are the insufficiency of the evidence to sustain the verdict, and that the verdict is contrary to law. The evidence is not in the record. We must presume that the verdict is according to the allegations in the complaint, which are sufficient, and according to the evidence introduced, and therefore according to law. Two special findings by the jury show that the contract was made by Mrs. Adams and Fox in their individual capacity, and was not made by Mrs. Adams as guardian. These findings are not inconsistent with the general verdict. The subsequent guardian can follow his ward's money wherever he can find it. The allegation is, that it was the ward's money, and the verdict finds that to be true, notwithstanding the form of the contract. There is no ground for an arrest of judgment.

We have thus noticed all the exceptions properly saved in the case. There is no error in the record.

The judgment is affirmed, with costs and five per cent. damages.