No. 9137.

· HEFLIN v. BEVIS ET UX.

GUARDIAN AND WARD.—*Sale of Ward's Real Estate.*—*Payment by Cancelling Guardian's Debt.*—A guardian has no authority to receive his own note in payment of a claim belonging to his ward, and where a person purchases from him the real estate of his ward, and in payment of the price surrenders a note he holds against the guardian, and transfers notes held by him upon others, the guardian is liable on his bond for the price of the land.

SUPREME COURT.— *Instructions.*— *Verdict.*—*Evidence.*—An error in giving and refusing to give instructions will not reverse a judgment, when the verdict is clearly right upon the evidence.

From the Bartholomew Circuit Court.

*R. Hill* and *J. W. Nichol,* for appellant.

*F. T. Hord* and *W. B. Hord,* for appellees.

BEST, C.—Before the marriage of Catharine A. Bevis to her co-appellee, and during her minority, her guardian, William Stover, sold the undivided one-seventh of a certain quarter section of land in Bartholomew county, belonging to her, to the appellant for $900, and this action was brought to recover the purchase-money, which, it was averred, had not been paid, but in lieu thereof certain indebtedness of the guardian to the appellant had been received and applied in its payment.

An answer of three paragraphs was filed. The first was a general denial; the second averred, in substance, that the sister of Catharine, Mrs. Wynn, owned the other undivided half of said seventh; that the appellant proposed to the guardian, that, if he would procure him a title for the entire seventh, he would pay him $1,800, as follows: $1,255 in cash, and surrender a note he held against him for $545; that the guardian obtained the consent of Mrs. Wynn's husband to make such sale, and an order of the court to sell Catharine's interest, after which he sold him said land, for which he paid him $1,255 in money, and surrendered a note he then held against said guardian, principal and interest amounting to $545; that

he did not know that the guardian would apply said note upon the interest of Catharine, and that he made the purchase in good faith, etc.

Issues were formed, a trial had, and a judgment rendered for the appellant. Upon appeal this judgment was reversed, because the second paragraph of the answer was insufficient. The case is reported as *Bevis* v. *Heflin,* 63 Ind. 129, where the complaint and answer are fully set forth.

After the cause was remanded, the appellant filed a fourth paragraph of answer, to which a demurrer was sustained. Reply filed, issues formed, trial had, verdict for the appellees, and, over a motion for a new trial, judgment entered upon the verdict.

The appellant insists, by the proper assignment of errors, that the court erred in sustaining the demurrer to the fourth paragraph of the answer, and in overruling the motion for a new trial.

When this cause was here before, the court, in passing upon the sufficiency of the second paragraph of the answer, said : "The appellees, in their argument, lose sight of the fact that Stover was only the agent of Mrs. Wynn and her husband, and that, as such agent, he had no right to accept anything but money for his principals. Story Agency, section 98. Heflin was not, therefore, justified in relying upon the alleged presumption that Stover would apply his note on Mrs. Wynn's portion of the purchase-money, in the absence of any agreement that it should be so applied."

To obviate the objection thus made to the second, the fourth paragraph of the answer was filed. The fourth is precisely like the second, except that in lieu of the averments, "that said Stover fully acquainted said Hayes H. Wynn with said defendant's proposition, and thereafter, with the full knowledge and consent of said Wynn, said Stover accepted said proposition," it was averred "that said Stover thereafter fully explained to said H. H. Wynn, and said Esther, his wife, the said proposition and offer of said defendant, Heflin, and espec-

ially that part thereof in relation to said note of said Stover, and upon being so informed by said Stover of the nature of said Heflin's said proposition, said Wynn and wife agreed to accept the same, and authorized said Stover to accept the same on their behalf, and further authorized said Stover to accept and receive said note of said Stover owing to said Heflin as a part of the purchase-money due upon the purchase by said Heflin of said real estate if said Heflin should purchase the same upon the terms by him proposed as above set forth, and thereafter said Stover, acting as agent for said Wynn and wife, and being by them thereunto fully authorized, and also acting as guardian for said Catharine, accepted said proposition of said Heflin, so made as aforesaid."

This change did not, in our opinion, render the paragraph sufficient. The note in question was received in payment of a part of the purchase-money for the entire interest sold. The guardian had no authority to accept it in payment of Catharine's interest, and it is not averred that it was received in payment of Mrs. Wynn's interest. This fact we are asked to infer, because it is averred that the appellant's proposition was fully explained to Mrs. Wynn, and that she authorized Stover " to accept and receive said note * * * as a part of the purchase-money * * of said real estate." This we can not do. Concede that Mrs. Wynn authorized Stover to sell her interest and accept the note in part payment of the purchase-money, yet it is not averred that he did it. The averment is that, as agent for Mrs. Wynn and as guardian of Catharine, he accepted appellant's proposition, which was, not to apply the note upon the purchase-money of Mrs. Wynn's interest, but to apply it upon the purchase-money of both interests. These averments utterly failed to show that the appellant paid the money upon Catharine's interest, and therefore the paragraph was insufficient.

The motion for a new trial embraced many reasons. Among others, it is insisted that the verdict is not sustained by sufficient evidence, and is contrary to law.

The evidence established the sale. The payment of the purchase-money was thus detailed by the appellant and H. H. Wynn, one of his witnesses:

"I am defendant in this action. Some six weeks or so before I purchased the real estate, I proposed to Stover that I would buy the interest of his two daughters in their grandfather's real estate, provided I could get them both, but that I would not buy one of their interests by itself. I told him I would pay, for the interest of both, $1,800, as follows: I would give him a note on George Gohn, a note on William Schooler, the exact amount of either of which I do not now recollect, and his own note which I then held for $519.70, all of which notes bore ten per cent. interest from date, and Stover's had been running from the previous Christmas, and I would pay the balance in money—about $300. They were all then due. He said he would see Wynn and wife in regard to the matter, and report to me what they said. Some two or three weeks afterwards I saw him again, and he said he had seen Wynn and wife and explained my proposition to them, and that they were satisfied with it, and had authorized him to act for them in making the trade, and we then arranged to come to Columbus and close up the trade. Shortly after that, I met Wynn and Stover at Stover's house. We came to W. W. Herod's office at Columbus to close it up. * * * * The interest was then counted up on the notes, and the notes of Gohn, Schooler and Stover and $100 in money were handed to Herod and he handed them to Stover. I gave my own note to Stover for $100, because there was talk of an attempt to break old man Steinbarger's will, and I wanted to hold back that much on the purchase-money until that question was settled. I paid that note, with ten per cent. interest, about a year after."

H. H. Wynn testified that he thought the appellant had paid $200 in cash, had given his note for $100 and had transferred a note made by George Gohn, a note made by William

Schooler and surrendered a note made by Stover in payment of the purchase-money; that afterwards Stover had given witness appellant's note, which he had collected; had transferred him the Gohn note of $125, the Schooler note of $525 and paid him the residue of the $900 in money.

The testimony of these witnesses warranted the jury in finding that nothing had been paid upon the interest of Catharine. It is not shown that a cent was paid that Wynn did not receive. It is idle to assume that the money paid was paid upon the interest of Catharine and afterwards misappropriated by the guardian when he paid it to Wynn. Again, if the small amount of money paid was in fact paid upon Catharine's interest, there is no pretence that the balance due her was paid, and for this the appellant was clearly liable. The verdict was right upon the evidence.

The appellant complains because the court refused to give instruction numbered three asked by himself, and because it gave of its own motion instructions numbered eleven and sixteen.

We have not examined these instructions, as this court will not reverse a judgment when the verdict is clearly right upon the evidence, though an instruction asked and refused was proper and those given erroneous, as it is obvious that the appellant was not injured by the action of the court. *Lafayette, etc., R. R. Co.* v. *Adams,* 26 Ind. 76; *Felkner* v. *Scarlet,* 29 Ind. 154; *Wallace* v. *Cravens,* 34 Ind. 534.

No other questions are raised. There is no error in the record and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed in all things, at the appellant's costs.