# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## JANUARY TERM, 1897.

CASE 48—PETITION ORDINARY—JAN. 6.

## Buckler v. Reese & Bro.

APPEAL FROM MASON CIRCUIT COURT.

1. INSANE PERSON, EXECUTION AGAINST, AND SALE THERE-
UNDER—DAMAGES.—The issual of an execution against a person
of unsound mind is a nullity, and a sale thereunder is void; that
being true, such acts are, in themselves, harmless to such person,
and he can not recover damages for the wrongful issuance of the
execution, or the sale thereunder.

HANSON KENNEDY FOR APPELLANT.

1. When a judgment is valid, and the defendant in the judgment sub-
sequently becomes of unsound mind, and there is nothing in the
record to show this fact, and execution issues on the judgment and
a sale of land is made thereunder, the purchaser obtains a good
title. (Allison v. Taylor, 6 Dana, 87; Shirley v. Taylor's Heirs, 5
B. M., 99; Vanfleet's Collateral Attack, sec. 616.)
2. Where a judicial record is fair on its face, it can not be shown col-
laterally that any party was insane at the time the proceeding was
commenced or judgment rendered, because that would contradict
the record. (Vanfleet's Collateral Attack, sec. 616.)
3. One is not civilly dead when he becomes insane. (Chitty's Black-
stone, Vol. 1, pp. 95-6; Bouvier's Law Dict., Vol. 2, under defini-
tion of "Right;" Leake's Digest of the Law of Contracts, p. 563;
Rankin's Heirs v. Rankin's Ex'ors. 6 Mon., 531.)
4. If one has an execution wrongfully issued for too large an amount,
he is liable for the damages arising therefrom, although he was
entitled to have the execution issued for a smaller sum.

336

Buckler v. Reese & Bro.

5. Deming was not a co-trespasser with appellees, and the accept-
ance by appellant of the $350 from him is not a bar to his right
of action against appellees, because accord and satisfaction mov-
ing from a stranger is not good. (Stark v. Thompson, 3 Mon.,
302.)

WINFIELD BUCKLER on same side.

1. The issual of the execution and all proceedings thereunder were ir-
regular, but not void. (Freeman on Judgments, sec. 152 and
authorities there cited.) (Allison v. Taylor, 6 Dana, 87; Civil
Code, sec. 517.)

2. The case of McNees v. Thompson, 5 Bush, 586, was a direct pro-
ceeding to have the committee of the lunatic brought before the
court as a defendant in the judgment, which was properly done.
But this is a collateral attack by the appellees of the judgment of
the Robertson Chancery Court.

3. If the sheriff can justify his acts under the execution then the pur-
chaser acquires good title by the sale to him under it. (Yocum v.
Froma, 14 Bush, 494; Graves v. Lillie, 7 Mon., 9; Ringgold v.
Clark, 2 B. M., 127; Walker v. McKnight, 15 B. M., 374; Bishop v.
Gaveger, 5 B. M., 360.)

    That the execution in this case would have been complete pro-
tection to the sheriff, see Banter v. Reynolds, 3 B. M., 80; Clay v.
Sandifer, 12 B. M., 338; Bouvier's Institutes, Vol. 3, p. 180.)

4. Errors and irregularities must be corrected by a direct proceeding,
and can not be made available by way of collateral attack on the
purchaser's title. (Freeman on Void Judicial Sales, sec. 21, and
authorities there cited.)

5. It is not claimed in the pleadings that Deming and the appellees
were co-trespassers, and it is not in fact true. Therefore no set-
tlement made with Deming could release the appellees from lia-
bility. When a wrong is committed in which several persons join
without concert, the release of one is not the release of all; they
are not, strictly speaking, joint trespassers. (Taggart on Torts,
345 and 212; Bennett v. Fifield, 13 R. I., 139; Chipman v. Palmer,
77 N. Y., 51; Sammons v. Enerson, 124 N. Y., 319.)

6. The vendee of property, real or personal, let in possession under
his purchase, can not retain the possession and deny the title of
his vendor. (Lyne v. Bank of Ky., 5 J. J. M., 570; Bigelow on
Estoppel, p. 547.)

THOS. H. HINES of counsel on same side.

Buckler v. Reese & Bro.

E. L. WORTHINGTON for appellees.

1. There is no evidence that appellees did the wrong appellant complains of; they did not direct the clerk to issue the execution, they did not direct the sheriff to levy it on appellant's land, nor did they direct him to sell the land under it.
2. Deming is the one who bought the land at the sale and deprived appellant of it if any one did; and appellant's settlement with him is a bar to his recovery from appellees on account of the sale.
6. There is no evidence to sustain appellant's allegation that he is the owner of the judgment in favor of Robert Buckler.
4. After one has been judicially found to be a lunatic, and a committee appointed for him, he can not be divested of title to his land by a sale of it under execution; that can only be effected by a decree of the chancellor. (McNees v. Thompson, 5 Bush, 686.)
  The cause of the seeming conflict between that case and that of Allison v. Taylor, 6 Dana, 87, is the different statutes in force at the time the opinions were, respectively, rendered.

L. W. ROBERTSON on same side.

1. Appellant had been duly adjudged of unsound mind before the sale, and was therefore not divested of title or possession thereby, and sustained no injury by reason of same. (McNees v. Thompson, 5 Bush, 686.)
2. Appellant, after having been restored to his proper mind, ratified and confirmed the sale to Deming and consented that a deed might be made to him by the court, and accepted from Deming $350 in settlement of damages growing out of the execution and sale. He is therefore estopped to assert the same a second time against these appellees.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

This was a suit by the appellant against the appellees for damages growing out of an alleged wrongful issual of certain executions against the appellant, under which his lands were sold. The issual is alleged to have been wrongful because the appellant was not given credit on the bonds on which the executions were issued for certain sums claimed to have been paid by him to the appellees, who were the obligees in the

bonds and the plaintiffs in the executions.  We are of
opinion that the appellant has not shown himself en-
titled to these alleged credits.  Doubtless the arrange-
ment by which he was to get the benefit of them would
have been carried out but for the death of his father.
When the administratrix of the latter, however, re-
pudiated the arrangement, the appellees were relieved
of their agreement to enter the credits.  Moreover, the
appellant was not divested of title by the attempted
sale.  He had been adjudged of unsound mind, and a
committee was in charge of his person and his estate
at the time the executions were issued and the sale
made.  At the common law this might have been done
and the purchaser given a good title.  Such were the
conclusions reached by this court before our statutes
were enacted empowering courts of chancery to sell
the lands of such persons for debt, and to provide for
their maintenance.  (Allison v. Taylor, &c., 6 Dana,
87; Berry v. Rogers, 2 B. M., 308; Shirley v. Taylor's
heirs, 5 B. M., 99.)

But in McNees, &c., v. Thompson, &c., 5 Bush, 686,
where the defendant in the execution, sane at the time
the judgment was rendered, became insane afterwards
and before an execution issued, it was held that an
action to revive against the committee was proper be-
cause the creditor, though entitled to have his debt
satisfied, could not have it done by the issual of an ex-
ecution against the debtor alone, the statutes then in
force on the subject being cited.  (Section 2, chapter
481, Stanton's Revised Statutes.)

It is true, as contended, that in that case no execution in fact was issued; but it is clear, if such a remedy had been held to be open to the creditor, he would have been forced to adopt it. His resort to an action against the committee was upheld because he had no remedy by execution.

Our present statutes are similar to the provisions of the Revised Statutes on the subject in question. (Section 2150, Kentucky Statutes; section 489, Civil Code.)

The issual of these executions is, therefore, to be held as a nullity and the sale as void. These acts were consequently harmless in themselves to the appellant; and while he might have been damaged by the wrongful seizure of his land or its use and occupancy, and could have instituted an action on this account against the plaintiffs in the executions and the purchasers as co-trespassers, he has not done so, but proceeds on the erroneous theory that he was divested of title to his land by this sale. He probably did not institute a different suit because, after a restoration to his proper mind, he confirmed the sale to the purchaser, the co-trespasser with appellees, for a valuable consideration, and can assert no further claim for the damages indicated.

The judgment dismissing his action must be affirmed.