[S. F. No. 716.   Department One.—September 8, 1897.]

In the Matter of the Guardianship of the Person and Estate of D. B. CARVER, Jr., a Minor.

118   73
f133 890

GUARDIAN AND WARD—INVESTMENT BY GUARDIAN WITHOUT AUTHORITY OF COURT—LOANS UPON INADEQUATE SECURITY—REJECTION OF LOANS AS ASSETS.—A guardian, by securing the consent of the court, may invest the ward's estate without risk to himself; but where he fails to do so, and assumes to act upon his own responsibility, he is held to a strict accountability; and where loans are made without the advice and consent of the court upon inadequate security, and were not such as a prudent business man would have made, the court may properly reject such loans as assets of the estate.

APPEAL from an order of the Superior Court of Napa County, settling the final account of a guardian.   E. D. Ham, Judge.

The facts are stated in the opinion of the court.

Driver & Sims, for Appellant.

Thomas Watt, and A. J. Hull, for Respondent.

GAROUTTE, J.—P. G. Riehl, as guardian of the person and estate of D. B. Carver, Jr., appeals from an order settling his final account. Upon the hearing of this account it appeared that the guardian had invested a large portion of the ward's estate in two loans secured by mortgage upon realty. These loans were made without the advice and consent of the court, and at the hearing of the account were rejected as assets of the estate. As to the acts of the guardian pertaining to these loans, the court found as a fact that they were made upon inadequate security, and were not such as a prudent business man would have made. Upon an examination of the evidence we are satisfied with this finding. There is no good reason presented why the court should disturb it. The guardian did not exercise that care in the management of his ward's estate which the law demands by reason of the trust relation that he assumed. By securing the consent of the court he could have invested the ward's estate without risk to himself. This he failed to do, but assumed to act upon his own responsibility. Under such circumstances he is held to a strict accountability. (See *Guardianship of Cardwell*, 55 Cal. 137.)

The order is affirmed.

Harrison, J., and Van Fleet, J., concurred.