## In re AVERILL'S ESTATE.

## S. F. No. 2623; August 13, 1901.

### 66 Pac. 14.

**Guardian—Account.**—The Administrator of the Estate of a deceased incompetent may contest the final account of the guardian of such incompetent.

**Guardian—Allowance for Board and Care of Ward.**—The matter of allowance to be made to a guardian for the board and care of his ward is in the discretion of the court, and its award should not be set aside, when apparently sufficient, though there is uncontradicted testimony favoring a larger amount.

**Guardian.**—Where a Guardian Loans the Money of his ward on the sole credit of the borrower, it devolves on him to show that he acted in good faith and with due prudence, since, in the absence of such evidence, the presumption is otherwise.

**Guardian—Account.**—In Proceedings to Settle a guardian's account express findings are not necessary, since all facts necessary to sustain the judgment of the trial court will be presumed.

APPEAL from Superior Court, Santa Clara County; M. H. Hyland, Judge.

Appeal by Silas Shirley from an order settling his final account as guardian of Clark Averill, an incompetent. Affirmed.

Wm. H. Johnson and O. O. Felkner for appellant; Chas. H. Hogg and H. F. Dusing for respondent.

SMITH, C.—The appellant, Silas Shirley, was guardian of the person and estate of Clark Averill, an incompetent, now deceased, and appeals from an order of the court settling his final account. The account was contested by the respondent, H. F. Dusing, who was executor of the will of the deceased incompetent, and the point is made that he had no right to contest. But this is manifestly untenable: Code Civ. Proc., secs. 1765, 1754, subd. 3, 1789, 1635.

Two items of the guardian's account partially disallowed by the court were for board and lodging furnished and personal services rendered by him to the incompetent from June 10 to October 31, 1897 (one hundred and thirty-six days), at the rate of $5 per day, aggregating $680, and for like services

rendered the incompetent by the wife of the guardian for the same period at the rate of $2 per day, aggregating $272. For these items the court allowed for the former for services $250 and for board $95, aggregating $345, and for the latter $125, and disallowed the balance. The amounts allowed by the court were, we think, sufficient, and even liberal. In these matters much must be left to the discretion of the court; nor is its discretion limited by the fact that there was uncontradicted testimony of witnesses as to their opinions that a larger amount should have been allowed: In re Lux's Estate, 100 Cal. 593, 35 Pac. 341; Freese v. Pennie, 110 Cal. 469, 42 Pac. 978; In re Beisel's Estate, 110 Cal. 276, 40 Pac. 961, 42 Pac. 819.

Another item of credit claimed by the appellant, and disallowed by the court, was the loan of $800 to O. O. Felkner and E. L. Felkner, on their promissory note of date September 15, 1899, payable one year after date. There was no evidence bearing on the question of the adequacy of this security, or upon the prudence of making the investment. But loans by guardians or other trustees upon personal security, and especially loans upon the sole credit of the borrower, have always been discountenanced by courts of equity, and are certainly irregular and out of the usual course of business. In such transactions, therefore, it must be held that it devolves upon the guardian to show that he acted in good faith, and with due circumspection and prudence. In the absence of such evidence, the presumption is otherwise: In re Cardwell, 55 Cal. 137; In re Carver's Estate, 118 Cal. 73, 50 Pac. 22; Woerner on Guardianship, sec. 64; 2 Pom. Eq. Jur. 1074; 15 Am. & Eng. Ency. of Law, 2d ed., 107, and authorities cited. In the California cases cited there were express findings that the loans there in question were made on inadequate security, and our attention is called by the appellant to the fact that in this case there is no such finding. But in proceedings of this nature express findings are unnecessary: In re Adams' Estate, 131 Cal. 415, 63 Pac. 838. And all facts necessary to sustain the judgment or order of the lower court will be presumed. I advise that the order appealed from be affirmed.

We concur: Haynes, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.