## In Re MANNING.

No. 2131. Decided November 29, 1910 (112 Pac. 167).

INSANE PERSONS—GUARDIANSHIP—PROBATE PROCEEDINGS—NECESSITY OF FINDING. Comp. Laws 1907, secs. 4041, 4042, provide that all issues of fact joined in probate and guardianship proceedings must be tried in conformity with the Code of Civil Procedure, and, if no jury is demanded, the court or judge must try the issues joined, etc. Section 3168 requires the court on trial of a question of fact to give its decision in writing, and to file the same with the clerk, and section 3169 provides that in giving the decision the facts found and the conclusions of law must be separately stated, and judgment must thereupon be entered accordingly. *Held*, that where an application was made by a son to have his father placed under guardianship because mentally and physically infirm, and incompetent to manage his property, and, such allegation being denied, many witnesses were examined on both sides, on a trial before the court, findings of fact were essential to precede the court's judgment placing the alleged incompetent under guardianship. (Page 285.)

APPEAL from District Court, Second District; *Hon. J. A. Howell*, Judge.

Petition by E. J. Manning for the appointment of a guardian of the person and estate of his father John R. Manning, an alleged incompetent.

Judgment appointing Sarah Roylance as such guardian. John R. Manning appeals.

REVERSED AND REMANDED.

*Richards & Boyd* for appellant.

*Halverson & Pratt* and *T. D. Johnson* for petitioner.

STRAUP, C. J.

This is an action or proceeding brought for the appointment of a guardian of the person and estate of John R. Manning, the defendant and appellant. A petition was filed in the district court of Weber County by E. J. Manning, a son of the defendant, in which it was alleged that the defendant was eighty-six years of age, physically infirm, and by reason of old age, disease, and weakness of mind was unable, unassisted, to properly "manage and take care of himself and his property," and was likely, by reason thereof, to be deceived and imposed upon by artful and designing persons, and, upon information and belief, it was alleged that he was imposed upon by artful and designing persons, and was induced, "without any consideration to convey to Louise Neal all his property of every kind and description, and left himself entirely penniless and without means of any sort," and that such conveyance was made through the fraudulent representations and undue influence of Louise Neal and Alfred Neal, her husband, with whom the defendant then resided. It was further alleged that the next of kin of the defendant were the petitioner, who is fifty-four years of age, William Henry Manning, a son sixty-one years of age, and Mrs. Sarah Roylance, a daughter forty-nine years of age. The petitioner prayed that he be appointed guardian of the person and estate of the defendant. To this complaint or petition the defendant appeared and answered, denying the material allegations thereof and alleged that for some years past he had been a widower, and made his home with Louise and Alfred Neal, who assisted and cared for him, and gave him such attention as his needs demanded, and that in consideration of such service, and of the further agreement that they care for him and attend

him during the rest of his natural life, he conveyed to them in fee the real property upon which he resided, but that in such deed of conveyance he reserved unto himself a life estate in and to the property so conveyed, with "full power over the same and with full power as to the rents, issues and profits thereof," and that such conveyance was freely made with full knowledge of the import and effect thereof, and without undue influence, or fraud, or deceit, or imposition. Upon such issues the case was tried to the court, who rendered a judgment appointing Sarah E. Roylance guardian of the person and estate of the defendant, and thereupon letters of guardianship were issued to her. From such judgment the defendant has prosecuted this appeal.

It is made to appear by the bill of exceptions that, at the beginning of the trial, the defendant objected to the introduction of any evidence on the ground that sufficient facts were not alleged in the complaint to constitute a cause of action, or to entitle the petitioner to the relief prayed for, and especially for the reason that it was not averred that the defendant was insane or mentally incompetent to manage his property. The objection was overruled. It is further recited in the bill of exceptions that the trial of the cause continued from May 14th to the 18th, both inclusive, and that fourteen witnesses were sworn and examined in behalf of the petitioner and ten in behalf of the defendant. None of the evidence adduced, however, is contained in the bill or record. After both parties rested, the cause was continued for argument and final disposition until the 12th day of August. At that time the petitioner proposed an amendment to the complaint, as stated by his counsel, "in order to make the complaint or petition correspond to the proof," by alleging that the defendant was insane and mentally incompetent to manage his property. The amendment, over the defendant's objection, was allowed, but the court offered to grant the defendant such time as he desired for the purpose of preparing any further pleading or introducing further evidence. The defendant declined the offer, and thereupon the cause was argued and submitted. It is further recited in

the bill "that no findings of fact, nor conclusions of law, either separately stated or otherwise, were made or filed by the court in said cause; and no other proceedings or decision upon the merits was had, made, entered, or found therein other than as contained in" the order or judgment appointing Sarah E. Roylance guardian of the person and estate of the defendant.

The errors assigned relate to the rulings overruling the objection to the introduction of evidence, permitting the amendment to the complaint, and in failing to make findings. We think the judgment cannot be supported for want of findings. By statute (sections 4041, 4042, Comp. Laws 1907) it is provided:

"All issues of fact joined in probate and guardianship proceedings must be tried in conformity with the requirements of the Code of Civil Procedure, and in all such proceedings the party affirming is the plaintiff, and the one denying or avoiding is defendant. Judgments therein, on the issues joined, as well as for costs, may be entered an denforced by execution or otherwise by the court as in civil actions."

"If no jury is demanded, the court or judge must try the issues joined. If on written demand a jury is called by either party, and the issues are not sufficiently made up by the written pleadings on file, the court may direct the preparation of more specific pleadings, or, on due notice to the opposite party, may settle and frame the issues to be tried, and submit the same, together with the evidence of each party, to the jury. If the trial of the issues joined requires the examination of an account the court or judge must try the matter or refer it, and no jury can be called."

By the Code of Civil Procedure, section 3167, it is provided that " all issues in a civil action shall be tried by the court, unless in cases where a jury may be had," and demanded as by the statute provided; and, by section 3168, that "upon a trial of a question of fact by the court its decision must be given in writing, and filed with the clerk," etc., and by section 3169 that, "in giving the decision, the facts found and the conclusions of law must be separately stated, and judgment must thereupon be entered accordingly." The respondent contends that "in probate and guardianship matters findings are neither necessary nor required;" that "it

was not even necessary to find that" the defendant "is an incompetent person," as defined by the statute; and that "all that was necessary was that an order be made appointing a guardian for his person and estate." It is not necessary to decide whether findings are required in all contested cases or controverted issues relating to probate and guardianship proceedings. All that we are called upon to decided, and all that we can here properly decide, is whether or not findings are required upon such a contested proceeding and upon such controverted issues as are presented by the record. The proceeding is one involving both the rights of person and property. Issues of fact with respect thereto were raised, and tried by the court. The trial undoubtedly involved "issues of fact joined." As the result of the trial upon such issues, rights were taken from the defendant and given to another. All the reasons generally existing and usually stated why findings are required in a case tried by a court upon controverted and material issues of fact are here present. We think findings were as essential to precede and support the judgment rendered by the court on the particular issues tried by him as is a verdict in a case tried by a jury.

We have been referred to the cases of *In re Levinson's Estate,* 108 Cal. 450, 41 Pac. 483, 42 Pac. 479, *In re Averill's Estate,* 66 Pac. 14, and *In re Schandoney's Estate,* 133 Cal. 387, 65 Pac. 877, where it was held that specific or express findings were not essential to support an order allowing a settlement of a final account of an administrator, executor, or guardian. Such rulings, however, are based upon the theory, and as stated in the first case, that the manner in which an account of an executor or administrator is usually made up and the manner in which objections thereto are usually presented do not at all conduce to the development of issues such as arise upon the pleadings in a civil action and to which findings are required to be responsive, and, as stated in the case of *In re Sanderson's Estate,* 74 Cal. 199, 15 Pac. 753, that exceptions to an account do not create "issues of fact joined," such as must be submitted to

a jury on demand of a party interested. And to that effect is also our statute. (Section 4042, *supra.*) But in the case of *In re Well's Estate,* 140 Cal. 349, 73 Pac. 1065, in a proceeding upon a petition filed by the ward to set aside an order theretofore made settling the guardian's account and to reopen the account, on the ground of alleged fraud and wrongful overcharges, and an answer filed by the guardian denying the allegations of the petition, it was held that upon such issues of fact joined by the parties "the lower court properly made findings thereon which must be reviewed on this appeal."

Having reached the conclusion that findings were essential to support the judgment, that the right of a party to have the court make findings is a substantial right, and that a failure of the court to make findings requires a reversal of the judgment, we do not deem it necessary to pass upon the other questions presented, for on a retrial of the case it is not probable that they will again arise.

It is therefore ordered that the judgment of the court below be reversed and the case remanded to the district court, with directions to grant a new trial. Cost to appellant.

FRICK and McCARTY, JJ., concur.