IN RE GUARDIANSHIP OF MABEL E. MORRIS, INCOMPETENT. HERBERT W. BAIRD, HER NEXT FRIEND, APPELLANT, V. ROY J. CUSACK, GUARDIAN, APPELLEE.

16 N. W. 2d 442

FILED NOVEMBER 16, 1944. No. 31759.

*John E. Lowe* and *Herbert Baird,* for appellant.

*Sidner, Lee & Gunderson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This is an action by the next friend of an incompetent against the guardian of her estate, to require him to account for an unauthorized loan by taking a promissory note, dated April 16, 1928, renewed April 16, 1929, in the amount of $10,000 and interest thereon at the rate of 5 per cent per annum. The unauthorized loan will hereinafter be referred to as the Black note. The guardian admits that the loan was unauthorized. The county court permitted the guardian to resign and account for the principal and interest of the loan, fixing the rate of interest at 3 per cent. This judgment was affirmed by the district court on appeal. The next friend appeals to this court, contending that the promissory note provided for interest at 5 per cent, and therefore the ward's estate is entitled to the additional interest over and above that upon which settlement was had and approved.

During the pendency of a decision had on a petition to

show cause why the guardian should not be removed and required to account for the unauthorized loan and interest thereon, filed by the next friend of the incompetent ward, the guardian instituted an action in the district court against the maker of the note for the full amount thereof and interest at 5 per cent. Settlement of the case in the amount of $6,000 was approved. In addition, one of the notes, constituting collateral for the loan, was settled for $3,982.85. The amount of the collections on the collateral and the settlement of the case against the maker of the note equaled the settlement made by the guardian at the time of his resignation, and as approved by the county court.

Certain exhibits, guardian's reports, show interest credited on the Black note at the rate of 5 per cent at different times. One of such exhibits shows settlement of a note given as collateral for the Black note, and that the $1,200 obtained therefrom was applied on the principal when interest was in default in an amount exceeding $3,000. There was no authorization by the county court for this credit; it was arbitrarily made and should have been applied as interest.

At the time of making the loan, the guardian, before investing the ward's funds, was required to comply with the provisions of section 38-506, Comp. St. 1929, which reads in part: "The county courts in their respective counties, on the application of a guardian, * * * after such notice to all persons interested therein as the court shall direct, may authorize or require the guardian * * * to invest * * * moneys in his hands in real estate, or in any other manner that shall be most for the interest of all concerned therein; and the court may make such further orders and give such directions as the case may require for managing, investing and disposing of the estate and effects in the hands of the guardians." See In re Guardianship of Phillips, 144 Neb. 183, 13 N. W. 2d 99, and cases cited therein.

In the case of In re Estate of O'Brien, 80 Neb. 125, 113 N. W. 1001, it was held that a guardian must "apply to and

receive from the county court an order authorizing him to loan the funds of his ward. If he loans his ward's funds without such authority, and a loss ensues, he is liable therefor." See, also, *In re Guardianship of Phillips, supra,* wherein it was said: "The accountability of a guardian for the safekeeping and investment of his ward's funds is not measured by his own conceptions of his duty, but he is required at his peril to strictly follow all the requirements of the law enacted by the legislature for the protection and security of a ward's estate."

" 'A guardian is a trustee and is governed by the same rules that govern other trustees.' 25 Am. Jur. 113, sec. 185." *In re Estate of Davenport,* 140 Neb. 769, 2 N. W. 2d 17.

"The duties of a guardian are similar to those of a trustee in the handling of trust funds, and every violation of a duty required of him by law, whether wilful and fraudulent, or done through negligence, or even a violation of those duties which arise by mere mistake, oversight, or forgetfulness, is a breach of trust." *In re Guardianship of Phillips, supra.*

The guardian relies on *Seward v. Danaher,* 105 Neb. 787, 181 N. W. 941, wherein this court held: "After a guardian has fully accounted for the principal of the funds of his ward invested by him, he is chargeable only with such a reasonable rate of interest thereon as he could have secured by the exercise of reasonable diligence and with due regard to the safety of the investment and with scrupulous fidelity to his trust; but he is always chargeable with the interest actually received by him."

It is clear from a reading of the opinion in *In re Guardianship of Phillips, supra,* that, where a guardian has breached his trust by failing to comply with the law for investment of his ward's funds and has made an unauthorized loan, it is not necessary that such guardian shall have embezzled and converted to his own use and for his benefit the funds of his ward's estate in order to charge the guardian with the legal rate of interest. It is likewise clear

that, where a guardian fails to abide by the law for investing the funds of his ward's estate and a loss ensues, he is chargeable with the legal rate of interest. This court in the *Phillips* case required the guardian to pay interest at the rate of 6 per cent from a certain date on the net proceeds of the ward's estate. While the opinion did not so state, the legal rate of interest in this state at the time of the decision, affecting matters of this kind, was and is 6 per cent. Comp. St. Supp. 1941, sec. 45-102. Further authority for the holding that the guardian should be surcharged with the legal rate of interest where an unauthorized loan is made, as announced in *In re Guardianship of Phillips, supra,* is the case of *In re Estate of O'Brien, supra.*

In the instant case, at the time the loan was made C. M. Black, the maker, an uncle of the guardian and vice-president and director of the bank in which the guardian was also an officer, had ample security to give, but the guardian did not require it. He took instead certain bad banking paper, as collateral security for the Black note, which the examiners of the department of banking required to be removed from the bank. The purpose of the loan is obvious. It was to stabilize the bank. The bank was later closed. During the period of the loan, Black had become burdened with double liability on his bank stock; his land had become heavily encumbered. Although knowing this, the guardian made no effort to protect his ward until the next friend of the ward persistently filed petitions to show cause why the guardian should not render an accounting and be removed. The loan benefited the guardian and his business at the time. He breached his trust.

"Where the trustee commits a breach of trust (or, as in this case, where the guardian breaches the trust) and thereby incurs a liability for a certain amount of money with interest thereon, he is chargeable with interest at the legal rate or such other rate as the court in its sound discretion may determine, but in any event he is chargeable with interest actually received by him or which he should have received." Restatement, Trusts, sec. 207.

Under the facts and circumstances of the instant case, the guardian is required to account to his ward's estate for the principal amount of the unauthorized loan and interest thereon at the legal rate from April 16, 1928, the date the unauthorized loan was made, until the guardian's final accounting was approved by order of the county court, and the successor-guardian has qualified and receipted for the remaining assets of the ward's estate, which, according to the record in the instant case, was July 23, 1942.

The disallowance of attorney's fees by the district court is correct. Where a guardian is required to account for an unauthorized loan and interest thereon, the ward's estate is not liable for attorneys' fees to be paid his attorneys. The guardian's attorneys in such case represent the personal interests of the guardian, as distinguished from representing the interests of the ward's estate.

The case of *Seward v. Danaher, supra,* in so far as it conflicts with this opinion, is overruled.

The judgment of the district court is reversed, and the cause remanded, with directions to enter judgment to conform with this opinion.

REVERSED, WITH DIRECTIONS.