In re Conservatorship of the Estate of Elsie Lindauer, a protected person.
Glenn A. Rodehorst, Conservator, appellant, v. Estate of Elsie Lindauer, appellee.
376 N.W.2d 1

Filed November 1, 1985.   No. 84-191.

Glenn A. Rodehorst, pro se.

Stan A. Emerson of Luckey, Sipple, Hansen & Emerson, guardian ad litem for Elsie Lindauer.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The appellant, Glenn A. Rodehorst, was appointed conservator for the estate of Elsie Lindauer on June 9, 1975. He qualified and letters of conservatorship were issued to him on that date.

On March 5, 1976, the conservator filed a report and an accounting for the period June 1, 1975, to December 31, 1975, together with a petition for approval of the report. The report was approved by the county court on that date.

Subsequent reports for each calendar year from 1976 through 1980 were filed and orders approving all reports except the 1976 report were entered by the county court. In none of these reports did the conservator show any amount due him or received by him for compensation or expenses. No notice was given to any other interested party concerning these reports or the petitions for their approval.

On February 11, 1982, the conservator filed a report and accounting for the period January 1, 1981, through December 31, 1981. The petition for approval of the report alleged that there was $4,084.21 due the conservator for his services since the date of his appointment, plus $74.86 advanced by the conservator for expenses. The account showed $3,000 paid to the conservator on December 30, 1981. The petition prayed that notice of the petition and report be given to all heirs.

On February 22, 1982, the county court found that fees prior to 1978 were barred by the statute of limitations and approved the report except as to fees prior to 1978. Upon appeal the district court found that proper notice had not been given of the hearing in the county court and remanded the matter to the county court for further proceedings.

After notice to all interested parties, the county court, on August 24, 1983, affirmed its previous order. That order was affirmed by the district court on January 16, 1984. The conservator has appealed from that order to this court.

The issue upon the appeal is whether the statute of limitations runs as between a conservator and the protected person during the conservatorship.

The duties of a conservator are of a continuing nature, and, as a general rule, the statute of limitations does not apply to the duty to account and to a determination of the amount due the protected person from him. See, *In re Estate of Statz*, 144 Neb. 154, 12 N.W.2d 829 (1944); *Finn v. Whitten*, 172 Neb. 282, 109 N.W.2d 376 (1961).

The general rule has been that an interlocutory, ex parte accounting by a guardian is subject to reexamination so long as his accounts remain unsettled, but a final settlement made pursuant to notice to persons interested in the estate is in the nature of a judgment and is conclusive as to all matters included therein. *In re Estate of O'Brien*, 80 Neb. 125, 113 N.W. 1001 (1907).

Neb. Rev. Stat. § 30-2653(c)(20) (Reissue 1979) authorizes a conservator, "acting reasonably in efforts to accomplish the purpose for which he was appointed," without court authorization or confirmation, to pay the compensation of the conservator and other expenses incurred in the collection, care, administration, and protection of the estate. Such payments, however, are subject to rule No. 37 of the Probate, Guardianship, Conservatorship Rules (July 1, 1985) and the approval of the court upon an accounting.

Neb. Rev. Stat. § 30-2648 (Reissue 1979) provides:

Every conservator must account to the court for his administration of the trust upon his resignation or removal, and at other times as the court may direct. On termination of the protected person's minority or disability, a conservator may account to the court, or he may account to the former protected person or his personal representative. Subject to appeal or vacation within the time permitted, an order, made upon notice and hearing, allowing an intermediate account of a

conservator, adjudicates as to his liabilities concerning the matters considered in connection therewith; and an order, made upon notice and hearing, allowing a final account adjudicates as to all previously unsettled liabilities of the conservator to the protected person or his successors relating to the conservatorship. In connection with any account, the court may require a conservator to submit to a physical check of the estate in his control, to be made in any manner the court may specify.

Under this statute an order allowing an intermediate account adjudicates as to the liabilities of the conservator only if made upon notice and hearing and then only "concerning the matters considered in connection therewith." Upon the record before us it is clear that there was no adjudication upon any of the reports and accountings prior to that filed on February 11, 1982, and no determination made as to the amount due the conservator for his compensation and expenses.

The judgment of the district court is reversed and the cause remanded for further proceedings.

The guardian ad litem is allowed $750 for his services in this court, to be taxed as costs against the estate of the protected person.

REVERSED AND REMANDED.