[Civ. No. 346.  First Appellate District.—October 9, 1907.]

In the Matter of the Guardianship of the Person of EMMA ROSS, a Minor.

GUARDIAN AND WARD—ABANDONED CHILD—JURISDICTION OF COURT—VISITS OF ABANDONING FATHER.—Where the grandfather of a child to whom its custody had been abandoned by its father, the mother being insane and incompetent, had been appointed its guardian, and the guardian had petitioned the court to compel the father to contribute for the child's support, the court had jurisdiction to refuse the application, and also to permit the child to visit its father at certain intervals, where the court found that he was a proper person to have its custody.

ID.—PARENT DEPRIVED OF CUSTODY—SUPPORT OF CHILD—DISCRETION NOT ABUSED.—Under the facts appearing, the court did not abuse its discretion in not requiring the father, who was deprived of the custody of the child, and who was ready and able to take it and and support it, to contribute to its support.

APPEAL from a judgment of the Superior Court of Fresno County.  H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

J. O. Traber, for Appellant.

W. D. Crichton, for Respondent.

HALL, J.—In October, 1904, the superior court in and for the county of Fresno, after due proceedings, taken in

accordance with the provisions of the Code of Civil Procedure for the appointment of guardians of minors, appointed Charles Hudson the guardian of the person of Emma Ross, a female child, then of the age of six years, the ground for such appointment being, as appears from the finding of the court made upon the hearing of the petition therefor, that the father of said minor, Orrin W. Ross, had abandoned said minor to said Charles Hudson, who is the grandfather of said minor. The mother of said minor was at that time incompetent, and confined in a state asylum for the insane.

Hudson qualified as such guardian, and ever since has had the care and custody of such minor.

In his petition to be appointed such guardian of the person of said minor said Hudson alleged that the father of said minor was able to pay for the support of said minor, and prayed that he be required to pay therefor. The court, however, made no provision for the support of the minor by its father, and made no mention thereof in its order appointing the guardian.

On the twenty-third day of April, 1906, the said guardian petitioned said court for an order, requiring said Orrin W. Ross, the father of said minor, to pay said guardian for the support of said minor the sum of $25 per month thereafter. In this petition the guardian alleged that the father, Orrin W. Ross, was then able to pay a reasonable sum for the support of said minor, and that $25 per month was a reasonable sum therefor, and that she could be better supported were the court to make such order.

Orrin W. Ross filed an answer and cross-petition to said petition, and among other things alleged that he was able, ready and willing to take said minor, and to support her in his own home, and prayed the court to revoke the order appointing said Hudson the guardian of said minor, and for general relief.

The court upon the hearing made the following findings of fact:

1. That since the birth of said minor said Charles Hudson has supported and maintained her to the best of his ability, but that since November 4, 1906, his financial resources have become impaired, and he is not able now to provide adequately for the proper support and maintenance of said minor.

2. That Orrin W. Ross, the father of said minor, has a comfortable home, is married, and able and willing to provide for, maintain and educate his said child at his own home.

3. That said Orrin W. Ross is a fit and proper person to have the care, custody and control of said minor, Emma Ross.

As conclusions of law the court decided that the guardian, Charles Hudson, was not entitled to an order that Orrin W. Ross pay him the sum of $25 per month, or any other sum, for the support of said minor, and that said Orrin W. Ross was entitled to a modification of the original judgment, so that he shall be entitled to have said minor visit him at his home one-half of the time she is not in school, and upon Saturdays and Sundays.

Judgment was entered accordingly, from which the guardian has appealed upon the judgment-roll.

Appellant contends, first, that the court had no power to order that the father have the right to have the child visit him at all. We cannot accede to this view of the law. Although a parent who knowingly and willfully abandons his minor child under the age of fourteen years forfeits the guardianship of such child (Civ. Code, sec. 246), the relationship of parent and child is not thereby entirely severed. When a court of competent jurisdiction appoints a guardian of the person of a minor, such minor becomes a ward of the court, and the guardian is in effect an arm of the court, and is subject to the control of the court in the discharge of his duties as such guardian. Such court has authority to control and direct the guardian in the performance of his trust so as to insure the proper care of the infant. (16 Am. & Eng. Ency. of Law, 31; *Lord* v. *Haugh,* 37 Cal. 657.)

Circumstances may make it desirable and conducive to the well-being of a child that a parent, who has been deprived of its custody or guardianship, have access to such child, and the court appointing the guardian has jurisdiction to so direct. (Woerner's American Law of Guardianship, 159.)

"In the management and disposition of the person or property committed to him, a guardian may be regulated and controlled by the court." (Civ. Code, 251.)

In the case at bar the court found the father to be a fit and proper person to have the custody of the minor, and under such circumstances it certainly was not an abuse of dis-

cretion to allow the father access to his child, though he had previously abandoned the child to its grandfather.

It is next urged that the judgment should be reversed because the court refused to order the father to pay the guardian some stated sum per month for the support of the child. Of course, we cannot reverse the judgment for this reason if the court had no power to make such order, or if under the circumstances disclosed by the record before us the court did not abuse its discretion in refusing such order.

Undoubtedly a father entitled to the custody of his minor child is liable for his support (Civ. Code, 196), and if a father "neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries, and recover the reasonable value thereof from the parent." (Civ. Code, 207.)

Our statute also provides that a civil action may be brought by a child, or certain relatives, against the parent for abuse of parental authority, in which the duty of support may be enforced. (Civ. Code, 203.)

But appellant does not bring his case within any of the foregoing provisions of the code.

The child is not under the charge of his father, and the father is not now entitled to its custody, neither has he been deprived thereof by the proceedings authorized by section 203, Civil Code. The proceedings under which appellant was appointed guardian of the person of the child are the statutory proceedings for the appointment of guardians of minors contained in the Code of Civil Procedure, beginning with section 1747. Although it has been held that under such proceedings a father may be deprived of the custody of his child, it has never been held that in such proceedings he may be compelled to compensate the guardian for the support of such child. (*Ex parte Miller*, 109 Cal. 643, [42 Pac. 428].) On the contrary, Justice Temple, in a concurring opinion in the above-cited case, expressly holds that a parent deprived of the custody of his child by the summary proceeding laid down in the Code of Civil Procedure is no longer liable for its support, and that, aside from the cases of divorce and actions between the parents in regard to the custody of children, there is no other case in which the court has power to deprive the parent of his authority and yet hold him liable for

the support of his child, except as provided in section 203, Civil Code.

There certainly is no provision in the Code of Civil Procedure, under which these proceedings were inaugurated, which expressly authorizes the court to compel the parent thus deprived of the custody of his child to pay the guardian for its support.

But whether or not such power may be inherent in the court, we do not think the record in this case shows an abuse of discretion on the part of the trial court.

The court found that the father is a fit and proper person to have the care and custody of his child, and that he has a comfortable home, is married, and is able and willing to provide for, maintain and educate his said child in his own home.

The general rule is that where a father has supplied his child with necessaries, or is ready to supply them, he cannot be held liable to a third person for necessaries furnished to the child without his knowledge. (21 Am. & Eng. Ency. of Law, 1054.) In *Chilcott* v. *Trimble,* 13 Barb. (N. Y.) 504, it was said: "Where a parent is willing to support his infant child . . . no agreement of the father to pay for such support can be implied. . . . The law of nature, which requires the parent to support his infant offspring, designates his own house as the place where that duty shall be performed."

In this case the grandfather insists on retaining the custody of the child under his appointment as guardian of the child, in the face of the unchallenged finding of the court that the father is now a fit and proper person to have its custody, and is able and willing to support it in his own home.

Under these circumstances, even if we concede that the court has the power to order the father to pay the guardian for the support of his child, there was no abuse of discretion in refusing so to do.

The judgment is therefore affirmed.

Cooper, P. J., and Kerrigan, J., concurred.