Gentry v. Bearss.

---

F. J. GENTRY, GUARDIAN, APPELLANT, V. SARAH A. BEARSS ET AL., APPELLEES.

FILED DECEMBER 5, 1908. No. 15,407.

1. **Pleading:** CAPACITY TO SUE: WAIVER. If the petition on its face discloses plaintiff's lack of capacity to sue, such defense will be waived unless raised by demurrer.

2. **Statutes:** CONSTRUCTION. As a general rule, when a state adopts a statute from another state, it also adopts the construction which has been previously placed upon it by the courts of the state from which taken.

3. **Guardian and Ward:** SALE BY GUARDIAN: VALIDITY. Under general sections 1530, 1535 and 1536 of the Oklahoma statutes, 1893, a guardian of a minor cannot make a valid sale of a ward's personal estate without the authorization of court, and a sale without such authority will be void and vest no title in the purchaser.

4. ——: ——: RECOVERY FROM PURCHASER. In an action by a guardian of a minor to recover property of his ward from one who has purchased such property from a former guardian who had not the court's authority to sell, it is not incumbent on the plaintiff to return or offer to return the purchase price, when it appears that no part thereof ever came to the plaintiff's hands, and in the absence of evidence that the purchase money was used for the minor's benefit.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Warren Pratt,* for appellant.

*N. P. McDonald* and *John N. Dryden, contra.*

Good, C.

This action was instituted in the district court for Buffalo county by F. J. Gentry, as guardian of Otto J. Worrell, a minor, to determine the ownership of a promissory note and a real estate mortgage securing the same, and for foreclosure of the mortgage. The facts out of which this action arises are as follows: In 1903 A. A. Davies, as guardian of Otto J. Hansen, a minor, loaned $1,000 of his ward's funds to Sarah A. and Sylvester Bearss upon their promissory note secured by a mortgage on real estate in Buffalo county. The note and mortgage were made payable to Davies, as guardian. Hansen, the minor, was adopted by John B. Worrell and wife, and his name was changed to Otto J. Worrell. Davies resigned as guardian, and John B. Worrell was appointed in his stead by the probate court of Grant county, in the territory of Oklahoma. Davies transferred the property of his ward, including the Bearss note and mortgage, to John B. Worrell, the guardian of said minor. The note was indorsed and the mortgage assigned to John B. Worrell, as guardian of said minor. March 15, 1904, John B. Worrell undertook to sell the Bearss note and mortgage, and in pursuance of his purpose indorsed the note and assigned the mortgage to Edward J. Scott, and received therefor from Scott the sum of $1,010. Worrell, as guardian, obtained no order from the court authorizing the sale of the note and mortgage, other than the authority contained in the order of the court appointing him guardian. Some time thereafter John B. Worrell was removed as guardian of said minor, and F. J. Gentry was appointed in his stead by the probate court of Grant county. Worrell never paid over any of the proceeds derived from the sale of the note and mortgage to his successor, nor did he turn over to his successor any property of his ward. Subsequent to the giving of the note and mortgage in question the Bearsses transferred the real estate covered by the mortgage to Frank E. Wilcox. Gentry brought this action against the

Bearsses, Wilcox and wife, and Edward J. Scott, alleging the facts above set forth, and further alleged that the note and mortgage were in the possession of the defendant Edward J. Scott. Plaintiff prayed to be adjudged to have title and right of possession to the note and mortgage, and for a decree of foreclosure.

The defendants Sarah A. and Sylvester Bearss and Wilcox and wife admitted the making of the note and mortgage, and Wilcox alleged the payment of two instalments of interest to Scott, and that he was ready and willing to pay the amount then due upon the note and mortgage to the person the court should decide entitled thereto, and also demanded judgment against Scott for the interest paid to him in the event it should be held that plaintiff was entitled to recover such interest. The defendant Scott alleged that the sale of the note and mortgage to him by Worrell was made pursuant to an order of the probate court of Grant county, Oklahoma, and that Worrell represented at the time of the purchase that he had good right and lawful authority to sell and assign the said note and mortgage, and that said defendant Scott had no notice of any lack of authority on the part of Worrell to make a valid sale and transfer. He alleged that the amount paid by said defendant for said mortgage was the full value thereof; that no part thereof had been repaid to him, nor had any offer been made to return the same, and the plaintiff was thereby estopped to claim any interest in or title to the note and mortgage. He also alleged that plaintiff did not have legal capacity to sue. The plaintiff replied, denying the new matter set up in the answers. Upon the trial of the issues the court found in favor of the defendants and against the plaintiff, and that the defendant Edward J. Scott was the owner of the notes and mortgage and was entitled to receive payment thereof. Judgment was rendered dismissing plaintiff's cause of action. From that judgment the plaintiff has appealed.

At the outset we are confronted with the question of plaintiff's right to maintain this action. Defendants con-

tend that, as plaintiff is a guardian appointed in another
state or territory, he has not legal capacity to sue in this
state. It is undoubtedly the general rule that a guardian
cannot sue in the courts of another state than that of his
appointment unless by statutory authority of such other
state. It is a general rule that, if the petition on its face
discloses a lack of capacity to sue, the defense will be
waived unless raised by demurrer. 2 Abbott, Trial Brief
(2d ed.), p. 1341; 15 Ency. Pl. & Pr. 473, 474. Section 94 of
the code provides that lack of legal capacity to sue is a
ground of demurrer if that fact appears upon the face of
its petition. Section 96 authorizes the question to be
raised by answer where it is not disclosed upon the face
of its petition, and provides that the defense shall be
waived unless taken advantage of by answer or demurrer.
The construction which these sections have received by
this court makes it clear that lack of capacity to sue, if
disclosed upon the face of the petition, will be waived un-
less taken advantage of by demurrer. *Claire v. Claire*, 10
Neb. 54; *Lederer v. Union Savings Bank*, 52 Neb. 133;
*Clark v. Carey*, 41 Neb. 780; *Union P. R. Co. v. Vincent*, 58
Neb. 171; *Castile v. Ford*, 53 Neb. 507. The petition in
this case clearly shows upon its face the plaintiff's lack of
capacity to sue. The defendants failed to demur and
thereby waived this defense.

Plaintiff contends that the transfer of the note and
mortgage by Worrell as guardian was absolutely void, and
that the title thereto never passed to the defendant Scott,
because said Worrell had never been authorized by the
court making his appointment, or any other court, to sell
or dispose of the note and mortgage. The law of Okla-
homa then in force relating to the right of guardians to
sell and dispose of personal property of the ward is con-
tained in general sections 1530, 1535 and 1536 of the
Oklahoma statutes of 1893. They are as follows:

"When the income of an estate under guardianship is
(in)sufficient to maintain the ward and his family, or to
maintain and educate the ward when a minor, his guar-

dian may sell his real or personal estate for that purpose, upon obtaining an order therefor.

"If it appear to the court or judge, from the petition, that it is necessary or would be beneficial to the ward that the real estate, or some part of it, should be sold, or that the real and personal· estate should be sold, the court or judge must thereupon make an order directing the next of kin of the ward, and all persons interested in the estate, to appear before the court, at a time and place therein specified, not less than four nor more than eight weeks from the time of making such order, to show cause why an order should not be granted for the sale of such estate. If it appear that it is necessary or would be beneficial to the ward to sell the personal estate or some part of it, the court must order the sale to be made.

"A copy of the order must be personally served on the next of kin of the ward, and on all persons interested in the estate, at least fourteen days before the hearing of the petition, or must be published at least three successive weeks in a newspaper printed in the county, or if there be none printed in the county, then in such newspaper as may be specified by the court or judge in the order. If written consent to making the order of sale is subscribed by all parties interested therein, and the next of kin, notice need not be served personally or by publication."

These sections of the Oklahoma statute appear to have been adopted from California. Previous to their adoption they had been construed by the supreme court of California in the case of *Kendall v. Miller*, 9 Cal. 592, wherein the court held that a guardian could not sell the personal property of his ward without the order of the court, and that any such sale was void. This ruling was reaffirmed in the case of *De La Montagnie v. Union Ins. Co.*, 42 Cal. 290. It is a general principle of law that, when one state adopts a statute from another state, it also adopts the construction which has been previously placed upon it by the courts of the state from which it is taken. The provisions of the Oklahoma statute are somewhat similar to·

those of Nebraska relating to the right of a guardian to sell or dispose of the property of his ward. In *Hendrix v. Richards*, 57 Neb. 794, it was held that a guardian must have a prior authorization of the court to sell or transfer property of his ward. This ruling was approved and followed in *In re Estate of O'Brien*, 80 Neb. 125. A consideration of these authorities makes it clear that Worrell could not lawfully sell and dispose of the note and mortgage without first obtaining an order of the court authorizing him so to do. The evidence discloses that no other order of the court was had except that contained in the order appointing Worrell his guardian. It seems clear that that order was wholly insufficient to authorize a sale of the property. It went no further than to direct Worrell to receive and collect the property of his ward. Indeed, the statute appears to make it clear that it was necessary to make application for the order and give notice and have a hearing thereupon. No application was made, no notice given, no hearing was had, and no order such as was contemplated by the statute was ever made authorizing Worrell to sell the note and mortgage. In *Bachelor v. Korb*, 58 Neb. 122, a sale of real estate by a guardian was held void because the guardian had not given a bond, and had not taken the oath "before fixing on the time and place of sale." The court held that the wards could recover the real estate, and without returning the purchase price. We think it is clear that the attempted sale was void, and the title to the note and mortgage did not pass to Scott.

The defendant Scott contends that he is an innocent holder of the note and mortgage, and that plaintiff cannot maintain the action without returning, or offering to return, the consideration paid to the former guardian for the note and mortgage. The note and mortgage both showed that they were not the property of Worrell, but the property of his ward. The very indorsement and assignment by which Scott claims to have acquired the title discloses that the note and mortgage were the property of the minor, and Scott was bound to take notice of the law

that required the guardian to obtain an order from the court before he could make a lawful sale. It was Scott's duty to ascertain whether Worrell had sufficient authority. If he failed to do so, it was his own fault. No prudent person, under these circumstances, would have accepted the note and mortgage without first making the inquiry, and a proper inquiry would have disclosed that Worrell was without authority to sell the note and mortgage. Scott was not an innocent holder. *O'Herron v. Gray,* 168 Mass. 573; *Gillespie v. Crawford,* 42 S. W. (Tex. Civ. App.) 621. The evidence fails to disclose that the minor ever received any benefit from the money paid by Scott to Worrell. No part of the proceeds of the sale of the note and mortgage ever came to the hands of the present guardian. If the fund were in the hands of the present guardian who now represents the minor, a different situation would be presented. The record discloses that the money never came into the hands of the plaintiff, and fails to show that any of it was expended for the benefit or use of the minor. Under these circumstances, the plaintiff cannot be required to return or tender the consideration paid by Scott as a condition to his maintaining the present action.

The defendants urge that, because the plaintiff has a right of action against Worrell and his bondsmen to recover the value of the trust property that came to Worrell's possession, the plaintiff should be remitted to such action. It is not questioned but that plaintiff might have sued Worrell and his bondsmen, but the plaintiff has the right of election as to which course he will pursue, and it is not for the defendants to dictate.

After considering all of the questions presented, we are of the opinion that the judgment of the district court should be reversed and the cause remanded for further proceedings according to law, and we so recommend.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.