F. J. GENTRY, GUARDIAN, APPELLANT, V. SARAH A. BEARSS ET AL., APPELLEES.

FILED MARCH 16, 1911. No. 16,336.

Election of Remedies: PROCEEDINGS IN ANOTHER STATE. Where a guardian, without authority of court, sells a mortgage belonging to his ward, and afterward converts the proceeds to his own use, the ward, or the court and a new guardian for him, may elect to sue the defaulter's bondsmen for the full amount of the defalcation; and, if they do so, a court in another state may respect the election thus made and dismiss a subsequent suit by the ward to foreclose the mortgage on which the defaulter realized the money converted.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Warren Pratt,* for appellant.

*N. P. McDonald* and *J. N. Dryden,* contra.

ROSE, J.

This is a suit to foreclose a mortgage for $1,000 on a residence property in the city of Kearney. When the mort-

gage was owned by Otto J. Worrell, a minor, his guardian, John B. Worrell, undertook to sell and transfer it to Edward J. Scott, and received therefor $1,010. Later the guardian converted to his own use the money thus obtained, and afterward absconded. F. J. Gentry succeeded him as guardian, and brought this suit on behalf of the ward to foreclose the mortgage, alleging that the sale to Scott was void. The defendants are Sarah A. and Sylvester Bearss, mortgagors, Frank E. and Anna L. Wilcox, subsequent purchasers of the real estate, and Edward J. Scott, purchaser of the mortgage. Each of the guardians named received his appointment from the probate court of Grant county, Oklahoma, and both of them and the ward reside in that state. The case has been twice tried in the district court. At the first trial, defenses that plaintiff had no legal capacity to sue and that Scott was the owner of the mortgage were sustained and the action dismissed. Plaintiff apppealed to this court and procured a reversal, for the reasons that plaintiff's want of capacity to sue had been waived and that the sale to Scott was void as having been made without authority of court. The facts and rulings are more fully stated in the former opinion. *Gentry v. Bearss,* 82 Neb. 787. When the case reappeared in the district court the following facts were pleaded as a new defense: Under the statutes of Oklahoma the guardian, in the management of his ward's estate, is under the control of the county court, and pursuant to an order thereof plaintiff, before this suit was instituted, commenced an action in the district court of Grant county, Oklahoma, to recover from the defaulting guardian and the sureties on his bond the amount due from him to his ward, including the money received from Scott. That action is still pending. The second trial also resulted in a dismissal, and plaintiff has again appealed.

Plaintiff asserts that the ownership of the mortgage is the sole question in the case, that it was determined against defendants on the former appeal, and that con-

sequently the dismissal cannot stand. It is obvious, however, that a new defense has been interposed. In the former opinion it was observed: "It is not questioned but that plaintiff might have sued Worrell and his bondsmen, but the plaintiff has the right of election as to which course he will pursue, and it is not for defendants to dictate." *Gentry v. Bearss*, 82 Neb. 787. It is now insisted by defendants that plaintiff elected to pursue the bondsmen, that he is bound by that election, and that the present suit was properly dismissed. The Oklahoma statutes applicable to this inquiry are in the record. They show that the guardian, in the management of the ward's estate, is under the directions of the county court. *Gentry v. Bearss*, 82 Neb. 787; *In re Ross*, 6 Cal. App. 597, 92 Pac. 671. The evidence discloses that before the present suit was brought plaintiff was ordered by the county court of Grant county, Oklahoma, to bring an action on the bond of the former guardian for the full amount of his defalcation, and that the order was obeyed. That suit is pending in the district court of the county named. The petition therein alleges that the entire estate was squandered, and prays for judgment for $2,000. The trust funds in the hands of the defaulter were approximately $1,700. A witness testified, without objection, to plaintiff's admissions in connection with the bringing of both suits as follows: "He said that the guaranty company brought the suit. He knew nothing about it, but he wasn't certain whether they brought it in their own name or in his name, but he took no part in bringing the suit; that he had been instructed to sue the bonding company, and that was as far as his interests extended in the matter."

It therefore clearly appears that plaintiff, pursuant to the order of the court having authority to control his actions as guardian, sued the defaulter on his bond for the converted money received for the transfer of the mortgage. That the sureties are liable for such a defalcation on part of their principal is a well-settled proposition of

law. "Where a guardian illegally sells and transfers the property of the ward contrary to the act of assembly," say the court of appeals of Maryland, "without a previous order of the orphans' court, and converts the proceeds to his own use, it is no answer to an action on the bond by the ward, that under the act of assembly the sale itself is void and passed no title to the purchaser." *State v. Murray*, 24 Md. 310. A double recovery cannot be sanctioned. Plaintiff cannot recover from the sureties in a suit on the bond the entire sum of the defalcation and in addition foreclose the mortgage on which the defaulter realized $1,010 of the money converted. The ward, or the court and guardian for him, had the right of election. *McNeil v. Morrow*, Rich. Ch. Rep. (S. Car.) 172; *Bevis v. Heflin*, 63 Ind. 129; *Tealey v. Hoyte*, 3 Tenn. Ch. 561. What was done by the court having jurisdiction over the guardianship and by the present guardian amounted to an election to pursue the sureties

The trial court in the present case properly respected the election thus made, and the dismissal is

AFFIRMED.

LETTON, J., not sitting.