[S. F. No. 10396. In Bank.—April 5, 1923.]

FRANK SVOBODA, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

[1] PARENT AND CHILD—COMMITMENT OF MINOR TO INDUSTRIAL SCHOOL—SUPPORT BY PARENT—JURISDICTION OF JUVENILE COURT. The juvenile court, under section 11 of the Juvenile Court Act (Stats. 1921, p. 798), may direct the parent, or parents, of a minor, committed by it to the Preston School of Industry, financially able to do so, to reimburse the county for support and maintenance of the minor, regardless of whether or not he, she, or they may have been deprived of the custody of the child in any previous divorce proceeding.

PROCEEDING on Certiorari to annul an order of the Superior Court of Alameda County ordering payment by parent for support of minor confined in Preston School of Industry. E. C. Robinson, Judge. Order affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Petitioner.

Ezra W. Decoto, District Attorney, Earl Warren, Deputy District Attorney, and Frank Mitchell, Jr., Deputy District Attorney, for Respondents.

WASTE, J.—Petitioner seeks by this proceeding in *certiorari* to annul an order of the superior court, in and for the county of Alameda, sitting as a juvenile court, requiring him to pay the sum of twenty dollars per month

as reimbursement to the county for the expense of support and maintenance of his minor child. He admits that "the juvenile court in the proper exercise of its jurisdiction adjudged the minor child a ward of the court and committed him to the Preston School of Industry, where he is now detained," but challenges the authority of the court to direct him to reimburse the county for the maintenance of the ward while at the school.

Petitioner and his wife were divorced. The community property was divided between them and the custody of the minor child was awarded to the mother. The decree, which has not since been modified, did not in terms impose any obligation on the father to support the child. Subsequently petitioner filed a complaint in the respondent court, wherein he alleged that the minor was an incorrigible youth, within the meaning of the law, and praying he be adjudged a ward of the juvenile court. Thereafter such proceedings were had that the commitment issued, and the order directing the father to reimburse the county was made.

Respondents' first answer to the petition is that an appeal lies from the order and, therefore, *certiorari* will not lie. Whether or not this is so need not be determined, for the contention of the petitioner is obviously based on a misconception of law, and is untenable. He contends that, under the statute, the power and jurisdiction of the juvenile court to make an order requiring the father of a delinquent minor to contribute to his support while in the Preston School of Industry under commitment is limited to cases where the father is made liable by law for the minor's support, and that where the care and custody of the minor have been previously awarded the mother by a decree of divorce, remaining in full force and effect up to and at the time the juvenile court adjudged the minor a ward of the court, the law makes the mother, and not the father, the parent liable for such support and maintenance.

This contention is predicated on section 196 of the Civil Code, which provides that "the parent entitled to the custody of the child must give him support and education suitable to his circumstances," emphasis being laid on the words "entitled to the custody of the child." There are cases holding that where there has been a decree of divorce,

and such decree vests the custody of the minor children in the mother, the father is under no obligation to provide for such children any support or education beyond that which may be directed by the court which has granted the divorce, either in its decree or by subsequent modification; and that the obligation of the father so deprived of the custody of the child, under a divorce decree which made no provision for its support, is one to be enforced by the court which granted the divorce, and in the divorce action itself. It was so held in a separate action by a child against his father to compel him to furnish support and education. (*Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42].) It was also held that, under section 196, *supra,* and section 204 of the Civil Code, which declares that the authority of the parent ceases "upon the appointment, by a court, of a guardian of the person of a child," the father could not be proceeded against in a criminal action where the mother had been awarded the custody of minor children in a divorce proceeding, and had also been appointed their guardian. (*Matter of McMullin,* 164 Cal. 504 [129 Pac. 773].) This court has since held, however, "that, as between parent and child, the father is not absolved from his legal duty to provide support to his minor child who has no other source of maintenance, because, on account of his own fault, he has been deprived of the custody of such child. Both a legal and moral obligation rests upon a father to support his minor children. And while, as between himself and third parties, that obligation may be shifted in proceedings of divorce or guardianship, and he may by misconduct forfeit his right to the custody of his child, it may be doubted if by such proceedings, to which he is not a party, a minor can be deprived of his natural right to turn to his father for maintenance, if the substituted source of supply fails." (*Pacific Gold Dredging Co.* v. *Industrial Acc. Com.,* 184 Cal. 462, 466 [13 A. L. R. 725, 194 Pac. 1, 3].)

The rule relied upon by petitioner has no application to the present case. He admits that the juvenile court law, which was enacted long after the passage of section 196 of the Civil Code, in dealing with the subject of the commitment and support of minors sent to the Preston School

of Industry, supersedes all other laws on the subject.  Section 11 of that act (Stats. 1921, pp. 798, 803), provides that:

"Any order providing for the care and custody of a ward of the juvenile court in such case where it is necessary that provision be made for the expense of support and maintenance of said ward, must direct that the whole expense of such support and maintenance of said ward, up to the amount of twenty dollars per month, shall be paid from the county treasury of the county, and in such case shall state the amount to be so paid from the county treasury of the county, the amount so ordered to be paid not to exceed, in the case of any one ward, the sum of twenty dollars in any one month.

"At the time of making any order providing for the support and maintenance of a ward of the juvenile court, said court shall inquire into the earnings, property or estate of said ward, and into the ability of the parent, parents, guardian of said ward, or other person liable for the support and maintenance of said ward, to pay for the expense of support and maintenance of said ward. . . .

"Said court shall further order, and direct that the county for its expense of support and maintenance of any such ward shall be reimbursed, either in whole or in part, from the earnings, property or estate of said ward, or by the parent, parents, guardian of said ward, or other person liable for the support of said ward, if it is found that there are earnings, property or estate of said ward sufficient therefor, or that said parent, parents, guardian of said ward, or other person liable for the support of said ward, is able to pay, either in whole or in part, for such expense of support and maintenance of said ward, and for the purpose of said reimbursement may order and direct payments to be made to the probation officer from the earnings, property or estate of said ward, or by the parent, parents, guardian of said ward, or other person liable for the support of said ward, the amount of which payments shall be determined by said court and which said payments shall be paid by said probation officer in turn to the county treasurer of said county on account of said reimbursement."

There is no language in the section which expressly, or by implication, limits the power of the court to direct

the parent "liable for the support and maintenance of said ward," or who is "entitled to the custody of the child," to pay for the expense of such support and maintenance at the school. If the phrase "liable for the support and maintenance of said ward" related back to and modified the word "parent" or "parents," it might be argued that until the duty of the father to maintain his child, which has been taken from his custody by divorce proceedings, has been established in a proper proceeding in the divorce action, the juvenile court is without power to make an order requiring the father to support such minor. We have examined the statutes relating to the Preston School of Industry, including and since its establishment, and the juvenile court law first adopted and as amended, with a view of ascertaining the proper construction to be given to that portion of section 11 providing who may be required to reimburse the county for the expense of support and maintenance of a ward after commitment. [1] This examination confirms the view, borne out by the plain reading of the present statute (*supra*), that the court may direct the parent, or parents, of such ward, financially able to do so, to reimburse the county, regardless of whether or not he, she, or they may have been deprived of the custody of the child in any previous divorce proceeding. The words in the section, "or other person liable for the support and maintenance of said ward," do not modify or relate back to the words "parent, parents, guardian of such ward." They relate to a class of persons, such as those *in loco parentis* to the ward, as trustees of a fund for the support of the minor, or persons who may have adopted the child. It follows, therefore, that the respondent did not act in excess of its jurisdiction in requiring the petitioner to reimburse the county of Alameda for the expense of the support and maintenance of his minor child at the Preston School of Industry.

That respondent had general jurisdiction in the matter is well settled. In *Dupes* v. *Superior Court*, 176 Cal. 440 [168 Pac. 888], this court held that the fact that the superior court, in an action for divorce, had made an order providing for the custody of the minor children of the litigants did not deprive the juvenile court of jurisdiction

to dispose of such children in any manner it might deem best for their welfare.

The order made by the respondent is affirmed.

Lennon, J., Wilbur, C. J., Myers, J., Seawell, J., Kerrigan, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.