[Civ. No. 28736.   Second Dist., Div. Four.   Oct. 13, 1966.]

ROBERT LYNN HILLS, a Minor, etc., Plaintiff and Appellant, v. ROBERT E. HILLS, Defendant and Respondent.

James D. Gunderson for Plaintiff and Appellant.

Lyman & Lowry and Willis T. Lyman for Defendant and Respondent.

BISHOP, J. pro tem.*—The plaintiff appeals from that portion of the judgment rendered March 24, 1964, which decrees: "Defendant is ordered and directed to pay to plaintiff Lillian J. Kennedy as guardian of said minor child, Robert Lynn Hills, the sum of $100.00 per month for the support and maintenance of said minor, payable on the first day of each month beginning July 1, 1965." In the findings of fact, upon which the judgment was based, it appears that the minor, Robert, was born out of wedlock, and the defendant is his father. The faults found by the appellant with the judgment are two: it provides too small an amount; and its first payment is unduly postponed. We are affirming the judgment.

The opening words of section 196a, Civil Code, are: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, . . ."

As already noted, the appellant takes the position that the trial court erred in setting the monthly payments for the care and custody of the plaintiff, as we shall refer to the minor, at so low a figure as $100. The principle that must govern our action is stated in *Kyne* v. *Kyne* (1945) 70 Cal.App.2d 80, 83 [160 P.2d 910, 912]: ■ "In fixing the amount of the allowance the trial court necessarily has a wide discretion, and unless there has been an abuse of discretion the appellate court will not interfere with the determination of the trial court."

■ There was evidence supporting the trial court's findings that the defendant, although only a minor, had assets worth over $250,000 and "an annual income of approximately $10,000.00 per annum." No finding appears as to the financial outgo of the defendant, but he testified that he helped his mother, a widow; that he himself was in the early stages of

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

obtaining a college education; and that he runs in the red about $300 per month. The trial court might well have concluded that a larger sum than $100 per month would have been justified, and as defendant's son grows older a larger monthly amount may be required. We, however, cannot say that, under the circumstances, the trial judge abused the discretion that the law vested in him in determining that the sum of $100 was proper at this time.

With respect to the postponement of the day when the defendant was to begin to make monthly payments, the appellant argues that the law of the state requires a parent to support his child no matter the size of the child's estate. We find an expression of this principle in *Ex parte Carboni* (1941) 46 Cal.App.2d 605, 613 [116 P.2d 453, 457] : ''The law is well-settled that the primary duty to support a minor rests upon his parents, and that the estate of the minor can only be resorted to where the parents are unable to fulfill the obligation in whole or in part. [Citing cases.]'' The statement just quoted was made with respect to the duty of parents of legitimate children, but we think it equally applicable to the parents of those not legitimate. The facts of this case, however, were not such that it was error not to apply the rule.

The trial court had a number of facts to consider which appear neither in the pleadings nor in the findings of fact. Two exhibits were introduced into evidence: a consent decree of a Michigan court of chancery and a stipulation of two of the parties. The decree was entered April 9, 1959, before the birth of plaintiff, but was the result of the interest of several parties in the event then expected. The decree expressly refrained from passing on the question of the identity of the father of the unborn child, but, among other matters, did order that the defendant, who was our defendant (appearing by his mother as general guardian) should pay plaintiff's mother-to-be (who was appearing by her mother, Lillian J. Kennedy) these sums: (1) $3,000 at once, for the expense of transporting herself and mother to California, and for the expenses of herself and unborn child until October 1, 1959; (2) the sum of $15 each week, beginning October 1 and terminating upon several contingencies that might not arise, and did not, but in any event not longer than defendant's twenty-first birthday; and (3) upon his twenty-first birthday, enough to make the total sum paid to plaintiff's mother $10,000.

The plaintiff was born, in California, July 26, 1959, and the defendant thereafter became of age. The stipulation was

entered into, referred to as the second exhibit, executed by several persons. On two lines appear the names of Lillian J. Kennedy, former guardian ad litem of Lynne D. Kennedy, and of Lillian J. Kennedy, guardian of Robert L. Hills, the newborn. On the third line we find the name of Betty B. Hills, former guardian of the defendant, her son. Attorneys' names also appear. The stipulation acknowledges that: (1) the $3,000 had been paid as required by the consent decree; (2) that the weekly payments of $15 had been paid "to the said Lynne D. Kennedy and/or the said Lillian J. Kennedy" to the amount of $2,120; and (3) "That the defendant, Robert Edmunds Hills, attained his twenty-first birthday and has . . . paid over to the said Lillian J. Kennedy as Guardian of said minor" the balance of the $10,000. The stipulation concluded with a statement that the defendant had fully complied with the consent decree, and that the Michigan action "shall be dismissed."

It will be noted that the balance of the $10,000 which, under the terms of the Michigan decree, was to be paid to plaintiff's mother, was, by the terms of the stipulation, to go to his grandmother, as some of the weekly payments had gone. No one seems to make a point of this and, as she had been the guardian ad litem of her daughter, it is understandable. In any event she is now the guardian of the minor plaintiff and has in her possession the balance of $2,300 received from the defendant who is plaintiff's father and responsible for his care.

Clearly, we do not deal here with the kind of "estate" of a minor that was involved in *Carboni*. The $2,300 came from this defendant, and came in settlement of an action for the support of his child. It is now apparent that, either because the consent decree and stipulation over-estimated the needs of the minor, or because the child's mother and guardian have been unusually frugal, more was paid by defendant for his son's support than has proved necessary. The trial court might well have permitted this sum of $2,300 to remain in the hands of plaintiff's guardian as a reserve against some future emergency, but it did not, and we cannot say that the expenditure of the $2,300 as authorized, by which the monthly payments are provided so long as the balance lasts, was an abuse of the court's discretion.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.